IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: |
| | : | |
| | : | MAGISTRATE NO.: 16-MJ-00448 |
| v. | : | |
| | : | VIOLATIONS: |
| | : | |
| SHARAFAT ALI KHAN | : | 18 U.S.C. § 371 |
| also known as "DR. NAKIB" | : | (Conspiracy to Defraud the United States |
| | : | and Conspiracy to Encourage and Induce |
| | : | Aliens to Come to the United States for |
| | : | Profit) |
| | : | |
| | : | 8 U.S.C. § 1324(a)(1)(A)(iv) and (a)(1)(B)(i) |
| | : | (Encouraging and Inducing Aliens to Come |
| | : | to the United States for Profit) |
| | : | |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting and Causing an Act to |
| | : | Be Done) |
| | : | |
| | : | 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b), |
| | : | 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p) |
| | : | (Criminal Forfeiture) |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

At all times material to this Indictment:

**Introduction**

1. The defendant, **SHARAFAT ALI KHAN**, also known as "**DR. NAKIB**," appears to be a Pakistani national with a permanent legal residence in Brazil, and whose last

known residence was in Brazil.

2. The aliens referred to herein are nationals of Pakistan, who had not received prior official authorization to come to, enter, and reside in the United States.

3. Pakistan is a country in South Asia bounded by India, China, Afghanistan, Iran, and the Arabian Sea.

## The Conspiracy

4. From on or about March 2014 through on or about May 2016, beginning in Brazil, Venezuela, Peru, Ecuador, Colombia, Panama, Costa Rica, Nicaragua, Honduras, El Salvador, Guatemala, and elsewhere, in the extraterritorial jurisdiction of the United States, and pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, the defendant

**SHARAFAT ALI KHAN,**
also known as **"DR. NAKIB,"**

along with at least three others known and unknown to the Grand Jury, unlawfully, willfully and knowingly combined, conspired, confederated and agreed with one another and with others (a) to defraud the United States by interfering with and obstructing a lawful government function, that is, the enforcement of the immigration laws of the United States by deceit, craft, trickery, and dishonest means, in violation of Title 18, United States Code, Section 371, and (b) to commit offenses against the United States, that is, to knowingly encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i).

## Overt Acts

5. In furtherance of the conspiracy and to accomplish the objects of the conspiracy, **SHARAFAT ALI KHAN** and his Coconspirators committed various overt acts within the extraterritorial jurisdiction of the United States and elsewhere, including, but not limited to the following:

    a. On or about July 8, 2014, Coconspirator A, an individual unknown to the Grand Jury, provided Alien-KR with travel documents and instructions to travel from Pakistan to Brazil.

    b. On or about July 8, 2014, Coconspirator B, an individual unknown to the Grand Jury, met Alien-KR after Alien-KR arrived in Sao Paolo Brazil. Coconspirator B instructed Alien-KR to go with Coconspirator B. Coconspirator B drove Alien-KR to a small house.

    c. On or about July 9, 2014, Coconspirator B drove Alien-KR to a bus station, instructed Alien-KR to take a bus to Brasilia, Brazil, and provided Alien-KR with a bus ticket to do so.

    d. On or about July 9, 2014, an individual who introduced himself as **DR. NAKIB**, later identified by Alien-KR as **SHARAFAT KHAN**, met Alien-KR after Alien-KR arrived in Brasilia.

    e. On or about July 8, 2014, **SHARAFAT KHAN** told Alien-KR to give **SHARAFAT KHAN** all of his money. Alien-KR gave **SHARAFAT KHAN** approximately $10,000.00 USD.

    f. On or about October 7, 2014, **SHARAFAT KHAN** instructed Alien-KR that Alien-KR had an airline ticket to fly to Venezuela.

    g. On or about October 9, 2014, **SHARAFAT KHAN** drove Alien-KR to the

Brasilia Airport and gave Alien-KR an airline ticket to fly to Venezuela. Alien-KR took a flight from Brasilia to Venezuela.

  h. On or about September 19, 2015, **SHARAFAT KHAN** sent a text message to Alien-HB, indicating that **SHARAFAT KHAN** knew that Alien-HB was arriving in Brazil and that two individuals would be waiting for Alien-HB at a bus stop in Brasilia.

  i. On or about September 22, 2015, **SHARAFAT KHAN** sent a text message to Alien-HB and agreed to meet Alien-HB at a bus stop.

  j. On or about September 22, 2015, **SHARAFAT KHAN** met with Alien-HB and introduced Alien-HB to two other individuals, Unknown Alien #1 and Unknown Alien #2. **SHARAFAT KHAN** told Alien-HB that **SHARAFAT KHAN** would get Alien-HB to the United States, and that Unknown Alien #1 and Unknown Alien #2 would be traveling with Alien-HB.

  k. On or about September 22, 2015, **SHARAFAT KHAN** purchased bus tickets for Alien-HB, Unknown Alien #1 and Unknown Alien #2.

  l. On or about September or October 2015, when Alien-HB was in Panama City, **SHARAFAT KHAN** texted Alien-HB and instructed Alien-HB to go to a hotel and tell the person at the front desk that Alien-HB was Sharafat of Brazil's person.

  m. On or about December 14, 2015, Alien-HB texted **SHARAFAT KHAN** requesting money for travel through Nicaragua.

  n. On or about December 14, 2015, **SHARAFAT KHAN** sent $234.26 via wire transfer through a wire transfer company, Company A, to Alien-HB in Managua, Nicaragua.

  o. On or about October 7, 2015, Alien-AP flew from Pakistan to Saudi

Arabia, then from Saudi Arabia to Sao Paolo, Brazil.

    p.    On or about October 7, 2015, Alien-AP took a bus from Sao Paolo, Brazil to Brasilia, Brazil. **SHRAFAT KHAN** picked up Alien-AP at the bus stop in Brasilia and took Alien-AP to **SHARAFAT KHAN**'s house.

    q.    On or about October 7, 2015, Alien-AP paid **SHARAFAT KHAN** approximately $5,000.00 USD in order to travel to the United States. **SHARAFAT KHAN** told Alien-AP that Alien-AP needed to pay an additional $5,000.00 USD along the route to the United States.

    r.    On or about November or December, 2015, Coconspirator C provided Alien-AP with shelter during a stop in Guatemala. Coconspirator C arranged for Alien-AP to stay for five to six days at Coconspirator C's home before Alien-AP crossed the border into Mexico.

    s.    On or about May, 2014, Coconspirator D, an individual known to the Grand Jury, made arrangements for Alien-NT and Alien-AS to travel to the United States in exchange for $20,000.00 USD.

    t.    On or about May, 2014, Coconspirator D obtained visas for Alien-NT and Alien-AS for travel to Dubai.

    u.    On or about May, 2014, Coconspirator E met Alien-NT and Alien-AS in Dubai and provided Alien-NT and Alien-AS visa to enter the Dominican Republic.

    v.    On or about May, 2014, Coconspirator E provided Alien-NT and Alien-AS airline tickets to fly from Dubai to Morocco, from Morocco to Sao Paolo, Brazil, and from Sao Paolo, Brazil to the Dominican Republic.

    w.    On or about May, 2014, Coconspirator E instructed Alien-NT and Alien-

AS to leave the airport in Sao Paolo and contact Coconspirator D.

      x.    On or about June or July, 2014, Coconspirator C provided shelter for Alien-NT and Alien-AS during a stop in Guatemala. Coconspirator C arranged for Alien-NT and Alien-AS to stay for two days before Alien-NT and Alien-AS crossed the border into Mexico.

> **(Conspiracy to Defraud the United States and Conspiracy to Encourage and Induce Unauthorized Aliens to Come to the United States for Commercial Advantage and Private Financial Gain**, in violation of Title 18, United States Code, Section 371).

### COUNTS TWO through SEVEN

6.    Paragraphs 1 through 5 of Count One of this Indictment are re-alleged as if fully set forth herein.

7.    On or about the dates listed below, beginning in Brazil, Venezuela, Peru, Ecuador, Colombia, Panama, Costa Rica, Nicaragua, Honduras, El Salvador, Guatemala, and elsewhere, in the extraterritorial jurisdiction of the United States, and pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, the defendant

**SHARAFAT ALI KHAN,**
also known as **"DR. NAKIB,"**

along with at least three others known and unknown to the Grand Jury, knowingly encouraged and induced aliens, as set forth below in Counts Two through Seven, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of commercial advantage and private financial gain,

| COUNT | ALIEN | DATE |
|---|---|---|
| 2 | Alien-HB | on or about September 19, 2015 through on or |

|   |   |   |
|---|---|---|
|   |   | about January 29, 2016 |
| 3 | Alien-KR | on or about July 8, 2014 through on or about February 24, 2015 |
| 4 | Alien-AP | on or about October 7, 2015 through on or about February 10, 2016. |
| 5 | Alien-NT | in or around May 2014 through on or about October 28, 2015 |
| 6 | Alien-AS | in or around May 2014 through on or about October 28, 2015 |
| 7 | Alien-SBR | on or about October 5, 2014 through on or about May 25, 2015 |

(**Encouraging and Inducing an Alien to Come to the United States for Profit and Aiding and Abetting and Causing an Act to Be Done**, in violation of Title 8, United States Code, Section 1324(a)(l)(A)(iv), (a)(l)(B)(i), and Title 18, United States Code, Section 2).

## FORFEITURE ALLEGATION

8. Upon conviction of any of the offenses alleged in Counts One through Seven of this Indictment, the defendant

**SHARAFAT ALI KHAN**,
also known as "**DR. NAKIB**,"

shall forfeit to the United States:

a. any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offenses, pursuant to 18 U.S.C. Section 982(a)(6)(A)(i);

b. any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses, and any property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the offenses, pursuant to 18 U.S.C. Section 982(a)(6)(A)(ii); and

c. any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of the offenses, the gross proceeds of such violations, and any property traceable to such conveyances or proceeds, pursuant to Title 8, United States Code,

7

Section 1324(b) and Title 28, United States Code, Section 2461(c).

The United States will also seek a forfeiture money judgment against defendant **SHARAFT KHAN** equal to the value of:

    a.    any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses; and

    b.    the gross proceeds of such violations, and any property traceable to such proceeds.

9.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of defendant **SHARAFAT KHAN**:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    d.    has been commingled with other property that cannot be divided without difficulty;

defendant **SHARAFAT KHAN** shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

*Channing Phillips* /KK
Attorney of the United States in
and for the District of Columbia